In the Matter of the Claim of CHARLES MEYERS, Respondent, *v.* WALSH CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 6, 1961.

*Louis Busell* and *Charles G. Tierney* for appellants.

*Louis Mendelson* and *William Doblin* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. The claimant ceased work in March, 1958 when 70 years of age and began receiving social security benefits. In July of that year he filed a claim for compensation alleging to be partially disabled as a result of caisson disease contracted during his employment. The board found " After review of all of the facts and circumstances, including the report and testimony of the attending physician, that claimant is partially disabled and should not return to work in compressed air, the Board finds that claimant has a compensable partial disability ".

It was admitted that his last exposure to compressed air was while working during 1938. From that time until he ceased work in 1958 he was gainfully employed in a different kind of work.

The board found the date of disablement to be July 24, 1958 and made an award from that date which was approximately 20 years from his last contact with compressed air, which admittedly is a cause of caisson disease. The doctor for the claimant testified that upon his examination in July of 1958 he made a diagnosis of the disease and that claimant was partially disabled as a result thereof and that he should not return to work under compressed air. He also stated that there was no objective evidence of any disability. The record is silent as to the reason for the claimant stopping work.

The fact that claimant ceased work and elected to receive social security benefits is not decisive of his right to compensation nor does such action, of itself, justify the finding that the claimant had removed himself from the labor market. Recipients of social security are permitted to work within certain monetary limitations. The time element is not controlling where there is an extended period between his last exposure and the discovery of the disease, it being conceded that the disease is an insidious and slow developing process and included within section 3 (subd. 2, par. 17) of the Workmen's Compensation Law.

The difficulty here is that there is a missing link associating his disability due to caisson disease with the reason or necessity for his stopping work. For 20 years he was gainfully employed and the record does not demonstrate his inability to continue doing that kind of work as distinguished from the doctor's recommendation to refrain from working under compressed air. There is a failure of proof that his physical condition resulting from caisson is responsible for his ceasing work.

There seems to be little room for argument that claimant is suffering from bone changes due to exposure to compressed air and it may be that upon remittance, his work stoppage can be associated with the underlying disease and thus establish the

necessary causal relationship but on this record there is no evidence that there was any disability resulting from the disease which caused or necessitated his cessation from work and loss or diminution of wages.

The factual situation in *Matter of McCann* v. *Walsh Constr. Co.* (282 App. Div. 444) is much clearer than here. There the claimant had been suffering pain which interfered with his work over a long period of time and he filed a claim for disability as soon as the condition was diagnosed as caisson disease. There the evidence was uncontroverted that his disablement was caused by the disease and thus causally related.

The decision and award of the board should be reversed and the matter remitted, with costs to the appellants against the Workmen's Compensation Board.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decision and award reversed and the matter remitted to the board, with costs to the appellants against the Workmen's Compensation Board.