HOT SPRING COUNTY BICENTENNIAL PARK
and FIDELITY and GUARANTY COMPANY
*v.* G. A. WALKER

CA 80-407                                    610 S.W. 2d 268
Court of Appeals of Arkansas
Opinion delivered January 14, 1981

*Laser, Sharp & Huckabay, P.A.*, for appellant.

*Youngdahl & Larrison*, for appellee.

JAMES R. COOPER, Judge. This appeal is from a finding by the Arkansas Workers' Compensation Commission that appellants were liable for the payment of attorney's fees on the controverted portion of the lump sum award based on the present value computation of claimant's compensation benefits, unlimited by the application of Ark. Stat. Ann. § 81-1310(c)(2) (Repl. 1976).

The facts are not at issue in this case so we will summarize briefly. Appellee was employed by appellant, Hot Spring County Bicentennial Park, and sustained an injury to his back on June 4, 1976. After retaining counsel, appellee filed a claim for Workers' Compensation Benefits against appellant, who admitted that claimant had sustained a total disability as a result of this injury and a pre-existing injury of 50% to his body as a whole. Benefits in excess of 50% were controverted by appellant, and appellee contended that he was permanently and totally disabled. On January 15, 1980, the full Commission affirmed an award of the Administrative Law Judge, finding that claimant was totally and permanently disabled as a result of the above-described injury. Appellants were ordered to pay maximum attorneys' fees allowable on the controverted portion of the award. Following a petition by counsel for appellee to pay attorneys' fees in a lump sum, appellants denied liability for any attorneys' fees based upon amounts exceeding the first $50,000.00 payable to the claimant in weekly benefits. Appellee contends that

appellant is liable for attorneys' fees based on the entire amount of the award, including the portion which exceeds $50,000.00. The cause was then referred to the Administrative Law Judge who found appellants liable for payment of fees based on the entire award with the fee to be reduced to present value, and, following an appeal the full Commission by a vote of two to one affirmed the findings of the Administrative Law Judge.

The relevant portion of Ark. Stat. Ann. § 81-1310(c)(2) (Repl. 1976) provides:

"The first fifty thousand dollars ($50,000.00) of weekly benefits for death or permanent disability shall be paid by the employer or his insurance carrier in the manner provided in this Act. An employee or dependent of an employee who receives a total of fifty thousand dollars ($50,000.00) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this Act but all such benefits in excess of fifty thousand dollars ($50,000.00) shall be payable from the Death and Permanent Total Disability Bank Fund . . ."

The relevant portion of Ark. Stat. Ann. § 81-1332 (Repl. 1976) provides:

"Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Commission, and such fees shall not exceed thirty percent (30%) on the first one thousand dollars ($1,000.00) of compensation, or part thereof, twenty percent (20%) of all sums in excess of one thousand dollars ($1,000.00) but less than three thousand dollars ($3,000.00) of compensation, and ten percent (10%) on all sums in excess of three thousand dollars ($3,000.00) of compensation. Whenever the Commission finds that a claim has been controverted, in whole or in part, the Commission shall direct that fees for legal services be paid by the employer.

or carrier in addition to compensation awarded, and such fees shall be allowed only on the amount of compensation controverted and awarded . . ."

Appellant argues that the statute clearly limits the payment of attorneys' fees by the carrier to the amount of compensation "awarded" for which the carrier is liable. We disagree. The language of the statute provides that "such fees shall be allowed on only the amount of compensation controverted and awarded." There is no language in the above-referenced statute limiting the award of the attorneys' fees to amounts which the employer and its carrier both controvert and owe. The test is that fees are calculated on the amount controverted and awarded.

Appellants further argue that claimant in this case has only been "awarded" a maximum of fifty thousand dollars ($50,000.00) against appellants, and therefore that is the maximum upon which attorneys' fees can be calculated. This argument misses the point.

One of the purposes of Ark. Stat. Ann. § 81-1332 is to place the burden of litigation expense on the party which made it necessary by controverting the claim. Placing the responsibility for attorneys' fees of the employee on the employer and his carrier serves to encourage prompt and honest settlements, and to compensate employees for delay and litigation expense. *Aluminum Co. of America* v. *Henning*, 260 Ark. 699, 543 S.W. 2d 480 (1976).

Appellant has not argued that the award of the maximum allowable fees in this case was an abuse of discretion and, since the Workers' Compensation Commission has much discretion in fixing and approving the amount of attorneys' fees, we do not consider the issue of whether or not the maximum award in this case was excessive. *Sisk* v. *Philpot*, 244 Ark. 79, 423 S.W. 2d 871 (1968).

We hold that Ark. Stat. Ann. § 81-1332, which provides that attorneys' fees shall be allowed only on the amount of

compensation controverted and awarded, is not limited by the application of Ark. Stat. Ann. § 81-1310(c)(2) limiting the liability of the carrier and employer to the first fifty thousand dollars in weekly benefits. Accordingly, we affirm the decision of the Arkansas Workers' Compensation Commission, awarding attorneys' fees to appellee on the controverted portion of the award in lump sum based upon the present value computation of claimant's compensation benefits, unlimited by Ark. Stat. Ann. § 81-1310(c)(2), but with appropriate credit for fees previously paid.

Affirmed.

GLAZE, J., not participating.