PRIER BRASS *v.* Prentice WELLER and Second
Injury Fund

CA 87-300                                   745 S.W.2d 647

Court of Appeals of Arkansas
Division I
Opinion delivered March 2, 1988

194

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Branch, Thompson & Philhours, A Professional Association,* for appellee and cross-appellant Prentice Weller.

*E. Diane Graham,* for appellee Second Injury Fund.

GEORGE K. CRACRAFT, Judge. Prier Brass appeals from an award of attorney's fees and fifteen percent safety-violation penalty assessed against it by the Arkansas Workers' Compensation Commission, contending that both awards were erroneously computed. The claimant, Prentice Weller, cross-appeals contending that the separate attorney's fee awarded for prosecution of the safety-violation claim was inadequate. We agree with the appellant and reverse and remand the matter for further proceedings.

Prentice Weller sustained a compensable injury while employed by Prier Brass on July 9, 1984. His attending physician assigned him an anatomical rating of five-percent disability to the body as a whole. The employer accepted the claim and paid all benefits due under the act for such a disability. Sometime later, subsequent examinations assigned disability ratings of ten percent to the body as a whole. The appellant, while apparently willing to accept the additional rating, failed to pay compensation for the additional five-percent disability and several medical bills submitted to it by the claimant. This caused the claimant to employ counsel who subsequently pressed the claim before the Commission and impleaded the Second Injury Fund. Although the record does not disclose the cause or nature of the appellee's

prior impairment, it was stipulated that he was permanently and totally disabled, that the Second Injury Fund was liable for ninety percent of the total disability, and that appellant was liable only for the remaining ten percent.

The administrative law judge then scheduled a hearing to determine the issues of controversion, allowance of attorney's fees, and the assessment of a penalty against the employer for safety violations pursuant to Ark. Stat. Ann. § 81-1310(d) (Supp. 1985). That section provides that, where an injury is caused in substantial part by the failure of the employer to comply with Arkansas statutes or regulations pertaining to the safety of its employees, the compensation provided for shall be increased by fifteen percent and that the increase shall be paid into the Second Injury Fund, less any attorney's fees attributable to it.[1]

The administrative law judge found that there had been a violation of safety regulations within the meaning of that section and assessed the fifteen-percent statutory penalty against Prier Brass, but restricted its computation to that compensation payable for the ten-percent of disability attributable to the employer. The administrative law judge also determined that the employer had controverted only five percent of appellee's claim and allowed his attorney a maximum fee to be calculated on the amount of compensation payable for the five percent controverted. On appeal, the Commission modified the administrative law judge's ruling limiting the computation of attorney's fees and ordered the appellant to pay the maximum attorney's fees allowable based on ninety-five percent of the amount of compensation payable for total disability, including the ninety percent for which the Second Injury Fund had accepted liability. It also ordered that the fifteen percent safety-violation penalty be computed on the total award. We agree with the employer that the Commission erred in these conclusions and reverse and remand the matter for further proceedings not inconsistent with this opinion.

█ In imposing liability for attorney's fees based on the

---

[1] This section was amended effective July 1, 1986, and now provides for a penalty of twenty-five percent to be paid to the claimant instead of the Second Injury Fund. *See* Ark. Code Ann. § 11-9-503 (1987).

entire compensation payable for total permanent disability, the Commission relied almost entirely on our decision in *Hot Spring County Bicentennial Park* v. *Walker*, 271 Ark. 688, 610 S.W.2d 268 (Ark. App. 1981). We conclude that this reliance was misplaced because *Walker* is distinguishable on its facts in several material aspects. In *Walker*, the employer controverted all disability in excess of fifty percent to the body as a whole. The Commission found that as a result of his injuries, which aggravated a preexisting condition, the worker had suffered total disability. It correctly concluded that when an accidental injury aggravates a prior one, the one in whose employ the precipitating injury occurs is liable for all the consequences naturally flowing from that incident. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). In *Walker*, the Commission rejected the employer's claim that his attorney's fee liability should be computed on fifty percent of the first $50,000.00 he would be obligated to pay under Ark. Stat. Ann. § 81-1310(c)(2) (Repl. 1976) and not on the additional sums payable for a total disability which would under that section be payable from the death and total disability fund. In *Walker*, as the employer was deemed to have *caused* and been responsible for the entire resulting disability for which compensation was ordered to be paid, we held that it was not error for the Commission to compute attorney's fees on the entire amount of compensation payable to the employee as a result of its actions instead of limiting that obligation to that portion of the responsibility for which the employer was required to respond in compensation payments.

Here, the employer did not cause the entire disability suffered by the claimant. The employment caused only ten percent of that disability, and the employer controverted only five percent. It was stipulated, and the Commission found, that there was Second Injury Fund liability for the remaining ninety percent of the claimant's present disability. That ninety percent was not *caused* or contributed to by the claimant's employment with Prier Brass. It was caused by a prior impairment which, by definition, was manifested and actually causing disability to that extent at the time of the injury and which continued to be the cause of it thereafter. *Osage Oil Co.* v. *Rogers*, 15 Ark. App. 319, 692 S.W.2d 786 (1985).

Nor can we agree with the Commission that "[t]he fact that

Prier Brass shifted liability for ninety percent of the award to the Fund does not change the fact that it controverted the entire award in excess of five percent." Such reasoning completely loses sight of the fact that on such a stipulation the obligation of that liability shifted to the Fund by the express wording of Ark. Stat. Ann. § 81-1313(i)(1) Supp. 1985), which insures to the employer of an impaired worker that he shall be liable to a worker who suffers injury on the job for no greater disability than that resulting from the injuries sustained while the worker is in his employ. The very purpose of the Second Injury Fund was to provide relief to an employer who hires a person with prior impairment so that the employer is not to be held responsible for more disability than that caused by that work place. Second Injury Fund liability is premised on the fact that the prior disability is *in esse* at the time of employment and is neither caused or contributed to by the employment. *Osage Oil Co.* v. *Rogers, supra.*

■■ One of the purposes of Ark. Stat. Ann. § 81-1332 (Supp. 1985) is to place the burden of litigation expense on the party which makes litigation necessary by controverting the claim. Placing this responsibility on the employer is intended to encourage prompt and honest settlements and to compensate an employee for delay. *Aluminum Company of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976); *Hot Spring Bicentennial Park* v. *Walker, supra.* It is not the purpose of that section to compel an employer to make settlement of a claim for which he has no responsibility and is not liable, or to compensate an employee for delay in collecting funds from the Second Injury Fund for which that employer is likewise not liable. Section 81-1332 makes express provision for the allowance of fees on amounts of compensation controverted by and awarded from the Second Injury Fund. They are to be paid by the Fund. Where an employer can successfully show that a portion of a worker's present disability was caused by a "prior impairment" within the meaning of our Second Injury Fund legislation, it cannot be held liable for that disability attributable to the prior impairment. Rather, the employer's liability in such a case is limited to that which results from injuries sustained while in the employment. It must necessarily follow that the employer should not be punished by asserting those rights which are so clearly set forth in the act.

■  For the same reason, we conclude that the Commission erred in ordering that the fifteen percent safety-violation penalty be computed on the basis of total disability rather than the ten percent caused by the injury suffered while working for the appellant. Arkansas Statutes Annotated § 81-1310(d) (Supp. 1985) provides as follows:

> Where established by clear and convincing evidence that an injury or death is *caused* in substantial part by the failure of an employer to comply with any Arkansas statute or official regulation pertaining to the health or safety of employees, compensation or death benefits provided for by this Act shall be increased by fifteen percent (15%). This fifteen percent (15%) increase shall be paid into the Second Injury Fund, less any attorney's fee attributable to it. [Emphasis added.]

Here, the accidental injury *caused* no more than ten-percent disability. The remaining ninety percent had been caused by a prior impairment which was causing disability to that extent at the time of the claimant's second injury.

■  We also conclude that the Commission erred in its award of a separate $500.00 attorney's fee to be paid out of the fifteen-percent statutory penalty. The manner in which attorney's fees are determined and the maximum fees allowable are provided in § 81-1332. Section 81-1310(d) provides that, in cases where safety violations are established, the compensation payable for the injury caused by the violation "shall be increased by fifteen percent." Neither of these sections makes any provision for assessment of a separate fee based on the amount of the penalty. The attorney's fee allowable in this case should be computed on the amount of compensation controverted and awarded, "increased by fifteen percent." Then, pursuant to § 81-1310(d), the fifteen-percent penalty, minus that portion of the attorney's fee attributable to the penalty, is to be paid to the Fund. The view we take of this issue makes it unnecessary for us to address the claimant's argument on cross-appeal that the additional $500.00 fee was inadequate.

This case is reversed and remanded for further proceedings and entry of an order allowing a safety-violation penalty and attorney's fee not inconsistent with this opinion.

COULSON and MAYFIELD, JJ., agree.