HOLIDAY INN and U.S. Fire Insurance Company
*v.* Darryl COLEMAN

CA 89-377                                   778 S.W.2d 649

Court of Appeals of Arkansas
En Banc
Opinion delivered November 1, 1989

*Walter A. Murray*, for movant Arkansas Self Insurers Ass'n.

*Michael W. Mitchell* of *Mitchell & Rochell* and *Friday, Eldredge & Clark*, by: *Diane S. Mackey*, for movants Arkansas Hospital Ass'n, Arkansas Medical Society, Arkansas Chiropractic Ass'n, Arkansas Chapter of American Physical Therapy Ass'n, Arkansas Podiatric Medical Ass'n, and Arkansas State Dental Ass'n.

PER CURIAM. The Arkansas Self Insurers Association and the Arkansas Hospital Association, et al., have filed motions for leave to file amicus curiae briefs in conjunction with this workers' compensation case. In *Ferguson* v. *Brick*, 279 Ark. 168, 649 S.W.2d 397 (1983), the Arkansas Supreme Court, in a per curiam opinion, traced the history of the amicus curiae brief. The supreme court recognized that "the undertaking of the amicus has changed from that of an impartial friend of the court to that of an acknowledged adversary." The reason that such briefs have been welcomed is "the possibility that an amicus brief will have legal significance." *Ferguson*, 279 Ark. at 173.

The actual holding in *Ferguson* v. *Brick* is that permission to file such a brief would be denied when the purpose was nothing more than to make a political endorsement of the basic brief and it was obvious that the moving party would discuss nothing of legal significance.

■ Although the movants here are "acknowledged advocates" we cannot say with assurance that their briefs would be of no legal significance. We therefore grant the motions.

MAYFIELD, J., concurs in part and dissents in part.

MELVIN MAYFIELD, Judge, concurring in part; dissenting in part. This court has granted motions allowing amici curiae briefs to be filed in this case. I dissent as to the brief to be filed by the Arkansas Self Insurers Association.

Rule 19 of the rules of this court and the Arkansas Supreme Court provides that a motion for permission to file an amicus curiae brief should "state the reasons why such a brief is thought to be necessary." The motion of the Arkansas Self Insurers Association states its brief is thought to be necessary because: (1) the Self Insurers Association is a nonprofit organization consisting of approximately 89 companies employing 60,000 members throughout the state, (2) the Association realizes "the impact of the judicial decisions from which appeal is now taken upon self-insured employers throughout the state," and (3) the Arkansas Workers' Compensation Commission has "erroneously" interpreted the law involved in this case.

I think those reasons fall far short of revealing any necessity for the filing of an amicus curiae brief by the Association. At best, they simply reveal that the Association thinks the Workers' Compensation Commission has erroneously interpreted the law and unless corrected this will "impact" upon the members of the Association. The "law" involved is referred to as Ark. Code Ann. § 11-9-715 (1987). A quick look at this statute reveals that it deals with fees for legal services rendered in litigation over claims for workers' compensation. The Association tells us nothing about the precise question involved. It apparently involves the Commission's allowance of an attorney's fee to be paid by the employer of an injured worker, and it is probably a safe bet that the Association thinks the Commission should not have allowed the fee or should have allowed a smaller fee. But other than registering its protest, why is it necessary for the Association to file an amicus curiae brief?

Furthermore, it is plain to me that the Association really does not want to file an amicus curiae brief in the traditional sense

of the term. In *Ferguson* v. *Brick*, 279 Ark. 168, 649 S.W.2d 397 (1983), the Arkansas Supreme Court pointed out that the term *amicus curiae* "is old Latin which literally means 'a friend of the court.' " However, the court said, "the undertaking of the amicus has changed from that of an impartial friend of the court to that of an acknowledged adversary." So, in *Ferguson* the court denied the motion for permission to file an amicus brief because it appeared "nothing of legal significance" would be discussed and the proposed brief would be "solely for the purpose of judicial lobbying."

While I cannot say that the Arkansas Self Insurers Association brief would discuss "nothing" of legal significance or that it would be "solely" for the purpose of judicial lobbying, I can state that the Association's motion, in my judgment, has not demonstrated why it is necessary that the brief be filed and it is perfectly obvious that the Association hopes its brief will help persuade this court to make a decision in keeping with the Association's interests.

In 3A C.J.S. *Amicus Curiae* § 3 (1973), it is stated:

> The privilege to be heard as an amicus curiae rests within the discretion of the court, and the court may grant or refuse leave, according as it deems the proffered information timely and useful or otherwise.

I would deny the motion of the Arkansas Self Insurers Association to file an amicus curiae brief in this case.

Another motion to file amici curiae briefs has been filed by the Arkansas Hospital Association and five other associations, although the motion states it is anticipated that one joint brief will be submitted by them. I concur in allowing these briefs, or brief, to be filed. Contrary to the motion filed by the Arkansas Self Insurers Association, the motion by these other associations states the specific point they want to argue, states that the appellant insurance company has no "concrete interest" in the point these other associations wish to argue, and states that the point is not likely to be briefed unless the motion is allowed. Under those circumstances, I think it proper to allow these associations to file a joint amici curiae brief.

Therefore, I dissent in part and concur in part in the action of the majority of this court.