## Edith CURRY *v.* FRANKLIN ELECTRIC

CA 89-440                                                            783 S.W.2d 76

Court of Appeals of Arkansas
En Banc
Opinion delivered February 7, 1990

*Zan Davis*, for appellant.

*Michael W. Alexander*, for appellee.

*Youngdahl & Youngdahl, P.A.*, by: *Thomas H. McGowan*, for amicus curiae Arkansas AFL-CIO.

PER CURIAM. ■ The Arkansas AFL-CIO has filed a motion for permission to file an amicus curiae brief in the above styled case. Rule 19 of the Rules of the Arkansas Supreme Court and Court of Appeals provides that a motion to file an amicus curiae brief should state the reasons why such a brief is thought to be necessary. Because the AFL-CIO motion filed in the instant case does not conform to the above stated requirement of Rule 19, the motion is denied.

MAYFIELD, J., concurs.

JENNINGS, J., dissents.

MELVIN MAYFIELD, Judge, concurring. The majority of the court has today denied the motion of the Arkansas AFL-CIO to file an amicus curiae brief in the above styled case. I concur in that decision based upon the reasoning stated below.

In *Holiday Inn and U.S. Fire Insurance Company v. Coleman*, 29 Ark. App. 157, 778 S.W.2d 649 (1989), I concurred in part and dissented in part to a per curiam opinion in which the court allowed the Arkansas Self Insurers Association and the Arkansas Hospital Association to file amicus curiae briefs. I

concurred in granting the motion of the hospital association because it stated that a brief would be filed which would argue a point that the appellant insurance company had no direct interest in arguing. Thus, it was alleged that without the hospital association's brief it was not likely that any party would discuss a specific issue that the association alleged was of legal significance and public interest.

I dissented, however, from the action of the majority of the court allowing the Arkansas Self Insurers Association to file an amicus curiae brief because that association had stated no reason why the point it wished to discuss would not be adequately argued by the named parties in the case. Rule 19 of the Arkansas Supreme Court and the Court of Appeals provides that a motion for permission to file amicus curiae briefs should "state the reasons why such a brief is thought to be necessary." Thus, I dissented because the self insurers association's request did not meet the provisions of Rule 19.

In the instant matter, the request made by the Arkansas AFL-CIO does not state any reasons why it is thought that an amicus curiae brief by that association would be necessary. Not only that, but the motion does not give any indication of what point would be argued if the motion were to be granted. Recently we allowed the ALF-CIO to file an amicus curiae brief in another case pending in this court but that motion, in my opinion, substantially complied with Rule 19.

JOHN E. JENNINGS, Judge, dissenting. In *Holiday Inn and U.S. Fire Insurance Company* v. *Coleman*, 29 Ark. App. 157, 778 S.W.2d 649 (1989), we permitted a number of organizations to file amicus curiae briefs in a workers' compensation case. In doing so we followed the policy announced by the Arkansas Supreme Court in *Ferguson* v. *Brick*, 279 Ark. 168, 649 S.W.2d 397 (1983), i.e., that permission to file an amicus brief will be denied when the purpose is nothing more than to make a political endorsement of the basic brief and it is obvious that the moving party will discuss nothing of legal significance.

It is clear that we are now changing our policy in regard to amicus briefs. While I would agree that we are free to do so and that it is not absolutely necessary that our policy be identical to that adopted by the supreme court, I would adhere to our decision

in *Coleman*, and continue to follow the guidelines set out in *Ferguson*, in the interest of uniformity.

I respectfully dissent.