Edith CURRY *v.* FRANKLIN ELECTRIC, et al.

CA 89-440                                         798 S.W.2d 130

Court of Appeals of Arkansas
Division II
Opinion delivered November 7, 1990
[Rehearing denied December 5, 1990.]

*Zan Davis*, for appellant.

*Frederick S. "Rick" Spencer*, for amicus curiae Arkansas Trial Lawyers' Association.

*Friday, Eldredge & Clark*, by: *H. Charles Gschwend, Jr.*, for appellee Liberty Mutual Insurance Company.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Michael L. Alexander* and *R. Kenny McCulloch*, for appellee/cross-appellant Fireman's Fund Insurance company.

*Wright, Lindsey & Jennings*, for amicus curiae Arkansas State Chamber of Commerce and Associated Industries of Arkansas, Inc.

JUDITH ROGERS, Judge. This appeal is from a decision rendered by the Arkansas Workers' Compensation Commission. The parties involved in these proceedings are as follows: Edith Curry, the appellant; Franklin Electric, appellee; Fireman's Fund Insurance Company (hereinafter "Fireman's Fund"), appellee and cross-appellant; Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), cross-appellee; Arkansas Trial Lawyers' Association (hereinafter "ATLA"), and Arkansas State Chamber of Commerce and Associated Industries of Arkansas, Inc. (hereinafter "Chamber of Commerce and AIA"), amicus curiae.

On appeal, the appellant finds error in the Commission's decision denying her claim for permanent and total disability benefits. For its cross-appeal, Fireman's Fund contends that the Commission's decision which found an aggravation of a prior

injury, as opposed to a recurrence, is not supported by substantial evidence. Liberty Mutual argues that since Fireman's Fund accepted, as compensable, the subsequent periods of disability, it should be estopped from arguing that a recurrence of the prior injury occurred. ATLA raises two issues in its amicus brief regarding the supremacy and due process clauses of the United States Constitution, as well as a violation of Article 4, section 2 of the Arkansas Constitution prohibiting judicial legislation. The Chamber of Commerce and AIA agree with the Commission's decision denying permanent and total disability benefits.

The record reveals that on March 2, 1978, the appellant, Edith Curry, sustained a compensable back injury while in the employ of Franklin Electric. Liberty Mutual, the insurance carrier for Franklin Electric, paid temporary total disability benefits, medical expenses, and permanent partial disability benefits in an amount equal to 22.5 percent to the body as a whole. In May 1983, the appellant sustained a second episode of pain which necessitated her absence from work for approximately four months. Fireman's Fund, the current insurance carrier for Franklin Electric, commenced the payment of temporary total disability benefits from June 6, 1983, until October 26, 1983. The appellant returned to work and continued in that capacity until September 4, 1985, at which time Fireman's Fund reinstated temporary total disability benefits until the appellant again returned to work on November 4, 1985. The appellant continued working until February 16, 1986, when disability benefits were recommenced and paid until October 20, 1987. The appellant received her first social security benefit check in November 1988.

In proceedings held before an administrative law judge, it was determined that the appellant sustained an aggravation of the 1978 compensable injury, and thus, Fireman's Fund was responsible for the payment of disability benefits beyond October 20, 1987. The law judge also held that the appellant was permanently and totally disabled as a result of her employment at Franklin Electric. The full Commission affirmed the finding with regard to Fireman's Fund, but reversed the award of permanent and total disability benefits. From that decision, comes this appeal.

We will address the issue on cross-appeal first. Fireman's

Fund argues that the appellant's 1983 and 1985 periods of temporary disability were the result of a recurrence of the 1978 injury, and therefore, Liberty Mutual is responsible for the payment of benefits due the appellant. The Commission disagreed, finding that the subsequent periods of disability were aggravations of the prior injury, thus holding Fireman's Fund liable. We agree.

■ The rule applicable to second injuries provides that:

> If the second injury takes the form merely of a *recurrence* of the first, and if the second incident does not contribute even slightly to the *causation* of the disabling condition, the insurer on the risk at the time of the original injury remains liable. . . On the other hand, if the second incident *contributes independently to the injury*, the second insurer is solely liable, even if the injury would have been less severe in the absence of the prior condition, and even if the prior injury contributed to the major part of the final condition. This is consistent with the general principle of the compensability *of the aggravation of a pre-existing condition.*

*Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 73, 644 S.W.2d 321, 325 (1983) (emphasis in original). *See also Pinkston* v. *General Tire & Rubber Co.,* 30 Ark. App. 46, 782 S.W.2d 375 (1990); *McDonald Equip. Co.* v. *Turner*, 26 Ark. App. 264, 766 S.W.2d 936 (1989); *Prier Brass* v. *Weller*, 23 Ark. App. 193, 745 S.W.2d 647 (1988); *Elk Roofing Co.* v. *Pinson*, 22 Ark. App. 191, 737 S.W.2d 661 (1987); *Aetna Ins. Co.* v. *Dunlap*, 16 Ark. App. 51, 696 S.W.2d 771 (1985).

As the Commission noted, the most persuasive medical evidence bearing on the recurrence/aggravation issue is the deposition testimony of the appellant's treating physician, Dr. John Lohstoeter. Although Dr. Lohstoeter used the words aggravation and recurrence interchangeably, he was never specifically asked which characterization should apply to the appellant's recent back problems. Dr. Lohstoeter stated that the appellant's visits started to become farther spaced apart and that he returned the appellant to work with restrictions that she was to do no pushing, pulling or lifting of a heavy nature. Dr. Lohstoeter opined that the appellant could experience future problems if she

performed activities involving twisting, bending, swiveling, and similar motions that placed stress on the back. In addition, the appellant testified that she was "doing great" after the 1978 injury, but became incapacitated after the 1983 and 1985 injuries.

The Commission found that the second and third incidents arose *after* the appellant was assigned to a more difficult task in 1983. The Commission determined that the rotating and swiveling movements involved in the new job caused the 1983 disability. After the 1983 occurrence, the appellant was afforded a swivel stool to aid her in her new position. Shortly thereafter, the appellant did not have the use of the stool. The Commission found that the rotating movements, without the aid of a stool, caused the 1985 disability. In its analysis, the Commission concluded that because the subsequent incidents contributed independently to the appellant's present condition, Fireman's Fund was responsible for the payment of compensation benefits. When we view the evidence in the light most favorable to the Commission's findings and give the testimony its strongest probative force in favor of the Commission's action, we find substantial evidence to support this aspect of the Commission's decision.

On direct appeal, the appellant argues that the Commission erred in denying her permanent and total disability benefits, specifically wage loss, based on her receipt of social security benefits due to her age. We agree with the appellant that the Commission erred in this regard. This portion of the Commission's opinion cannot be reconciled with the decision in *M. M. Cohn Co.* v. *Haile*, 267 Ark. 734, 589 S.W.2d 600 (1979). In *Haile*, the court stated:

> *Neither Ark. Stat. Ann. § 81-1310(c)(2) (Supp. 1979)*, which states exceptions to cases in which compensation will be paid, *nor any other section we have found makes an exception excluding compensation to persons who are eligible for or are drawing social security benefits*. Apparently no such exception exists in Arkansas or elsewhere. *See*, Larson, *supra*, § 57.61, n. 25.

The Workers' Compensation Act is a creature of statute, *see, Savage* v. *General Industries*, 23 Ark. App. 188, 745

S.W.2d 644 (1988), and since the decision in *Haile, supra,* the General Assembly has had the opportunity to enact legislation addressing this issue. As noted by the appellant in her brief, the legislature considered, but failed to pass, Senate Bill 405. Subsection 4 of that bill, if adopted, would have placed a limit on workers' compensation benefits to injured workers drawing or entitled to draw social security benefits. Furthermore, in 1986, the legislature made extensive amendments restricting the receipt of wage loss disability benefits. *See,* Act 10 of 1986, now codified at Ark. Code Ann. § 11-9-522 (1987). Nowhere in these amendments is there a reference to the prohibition of workers' compensation benefits when a claimant is receiving or is entitled to receive social security benefits. It is clear from a reading of the decision in *Haile, supra,* and the subsequent legislative attempts to address this issue, that, at this time, we have no specific statutory authority providing for the total exclusion of workers' compensation benefits when a claimant is eligible for or is drawing social security benefits. Therefore, the law as rendered in *Haile, supra,* remains unaffected and the Commission's decision to the contrary is in error. By this opinion, we do not mean to imply that the receipt of social security benefits could not be a factor in wage loss determinations. We state only that such benefits may not act as an absolute bar in the calculation of wage loss disability benefits.

The Commission made no finding with regard to the appellant's ability to work, but simply based its decision upon the appellant's receipt of social security benefits.[1] We, therefore, reverse and remand for the Commission to consider the appropriate factors in determining wage loss disability. Those factors include the workers' age, education, work experience, medical evidence and other matters reasonably calculated to affect the workers' future earning power. Other factors are motivation to return to work, post-injury earnings, credibility, demeanor, and a multiplicity of factors. . . *City of Fayetteville* v. *Guess,* 10 Ark.

---

[1] In *Meyers* v. *Walsh,* 12 A.D.2d 371, 211 N.Y.S.2d 590 (1961), the court stated: *"The fact that claimant ceased work and elected to receive social security benefits is not decisive of his right to compensation nor does such action, of itself, justify the finding that the claimant had removed himself from the labor market.* Recipients of social security are permitted to work within certain monetary limitations."

App. 313, 663 S.W.2d 946 (1984).

█ Although we found the amicus brief filed by ATLA interesting and enlightening, we need not address those arguments as they are being raised for the first time on appeal. We adhere to the well established rule that grounds for relief cannot be asserted for the first time on appeal and that this rule applies to appeals from the Workers' Compensation Commission. *Hill* v. *White-Rodgers*, 10 Ark. App. 402, 665 S.W.2d 292 (1984).

Last, Liberty Mutual argues that Fireman's Fund should be estopped from claiming the appellant suffered a recurrence as opposed to an aggravation of the 1978 injury. Liberty Mutual supports its position by pointing to the fact that Fireman's Fund accepted the subsequent periods of disability as compensable, therefore, they cannot now be heard to complain. In its opinion, the Commission made no finding regarding Liberty Mutual's estoppel argument since they held Fireman's Fund liable for the payment of compensation benefits. Because we found substantial evidence to hold Fireman's Fund liable for the appellant's aggravation of a prior compensable injury, further discussion of this issue is unnecessary.

After a careful and thorough consideration of the record in the instant case, we affirm the Commission's finding that the appellant suffered an aggravation of her prior injury, thus Fireman's Fund is liable for the payment of benefits. We reverse the Commission's decision with regard to the denial of permanent and total disability benefits and remand to the Commission for consideration of wage loss factors in computing the amount of disability benefits.

Affirmed in part, reversed and remanded in part.

WRIGHT, Acting C.J., agrees.

JENNINGS, J., concurs.

JOHN E. JENNINGS, Judge, concurring. I concur separately only to register my view that it is inappropriate for *amicus curiae* to urge as grounds for reversal issues not raised by the parties either at the Commission level or here on appeal.