ARKANSAS DEPARTMENT OF HUMAN SERVICES
*v.* Jim COUCH and Lana Couch

CA 91-436                                                821 S.W.2d 67

Court of Appeals of Arkansas
En Banc
Opinion delivered December 26, 1991

*David Overton*, for appellant.

*Terry Jensen*, for appellee.

PER CURIAM. Lowell D. Fonken and Cynthia A. Fonken have moved for permission to file an *amici curiae* brief in the

above-styled case, which arises from a lower court decision granting the adoption of one of two sisters to the appellees, Jim and Lana Couch. The movants assert that the lower court decision separates two sisters, ages two and three, who have been together all of their lives, and that the appellees do not wish to adopt both children because one of the sisters has cerebral palsy. The movants further assert that they have filed a petition seeking to adopt both children; that they did have custody of both children for approximately two months; and that they continue to have custody of the sister who suffers from cerebral palsy. The movants seek to file an *amici* brief in order to support the appellant's position that an adoption should not be granted which separates the two sisters.[1]

■ *Amici curiae* attorneys may file briefs with the permission of the court. Ark. R. Sup. Ct. 20. Whether or not to allow the *amici* brief is a matter within the appellate court's discretion. *See Holiday Inn* v. *Coleman*, 29 Ark. App. 157, 778 S.W.2d 649 (1989) (Mayfield, J., concurring). In *Ferguson* v. *Brick*, 279 Ark. 168, 649 S.W.2d 397 (1983), the Arkansas Supreme Court noted that the undertaking of the *amicus* has changed from that of an impartial friend of the court to that of an acknowledged advocate. However, the cases discussed by the *Ferguson* court involve questions of public interest. Even though there may be a question of public interest involved in this case, the movants' interest is limited to the result in this particular suit because of their personal stake in the outcome.

■■ *Amici curiae* attorneys must take the case as they find it and cannot introduce new issues not raised at the trial level. *Curry* v. *Franklin Electric*, 32 Ark. App. 168, 798 S.W.2d 130 (1990). Moreover, although consent to file an *amici curiae* brief will be given:

---

[1] We note that the Arkansas Department of Human Services (ADHS) filed its motion for supersedeas and stay of the trial court's order granting a temporary decree of adoption to the appellees with the Arkansas Court of Appeals on October 21, 1991. The motion was certified to the Arkansas Supreme Court on October 23, 1991, and was denied on October 28, 1991. ADHS filed a petition for rehearing with the Supreme Court which was denied on December 9, 1991, without written opinion. The motion for permission to file an *amici curiae* brief is being considered here for the first time and has never been before the Supreme Court.

when the filing is justified by the circumstances, yet leave to file will be denied where it does not appear that the applicant is interested in any other case which will be effected by the decision and the parties are represented by competent counsel. Under such circumstances, the need of assistance will not be assumed.

4 Am. Jur. 2d *Amicus Curiae* § 4 (1962). In the case at bar, the movants do not question the competence of appellant's counsel, and since it appears that the movants are interested only in the outcome of the case at bar, permission to file an *amici curiae* brief is denied.