## SECOND INJURY FUND *v.* Ronnie FURMAN

CA 97-906                                          972 S.W.2d 255

Court of Appeals of Arkansas
En Banc
Opinion delivered June 3, 1998

*David L. Pake*, for appellant.

*James R. Filyaw*, for appellee.

JOHN B. ROBBINS, Chief Judge. In this workers' compensation case, appellee Ronnie Furman prevailed on an appeal by appellant Second Injury Fund, and now seeks an award of an attorney's fee against the fund. His motion must be denied.

■ The general rule in Arkansas is well settled that attorneys' fees are not awarded unless expressly provided by statute or rule. *Ark. Okla. Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998); *City of Ozark v. Nicholas*, 56 Ark. App. 85, 937 S.W.2d 686 (1997).

■ As authority for granting his request, appellee cites Ark. Code Ann. section 11-9-715(b)(1) (Repl. 1996), which provides:

> (1)   In addition to the fees provided in subdivision (a)(1) of this section, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependents of a deceased employee, as provided above and set by the commission or appellate court.

However, this subsection does not mention the Second Injury Fund. It cannot reasonably be contended that the terms "employer or carrier" include the Second Injury Trust Fund, because the legislature specifically names the Second Injury Trust Fund when it speaks of that entity. The best example of such is in this same code section 11-9-715(a)(2)(A) that addresses proceedings before an administrative law judge. It directs the Commission to award an attorney's fee from the Second Injury Trust Fund when it finds that a claim against the fund has been controverted but compensation is awarded. The attorney fee provision of section 11-9-715(b)(1) pertaining to appeals from the administrative law judge to the full Commission and appellate courts simply does not similarly provide for a fee to be paid from the Second Injury Fund.

■ We believe this motion only requires an application of the law. However, if we perceived an ambiguity in these statutory provisions and undertook to construe them, we would be obliged to construe section 11-9-715(b)(1) strictly. Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996). Consequently, a strict construction would likewise require us to deny an award of an attorney's fee against the fund.

Although we might think it unfair that appellee is not entitled to an award from the Second Injury Fund for attorney fees he

has incurred on this appeal, it our duty to apply the law. The law does not permit such an award and we deny appellee's motion.

PITTMAN, AREY, JENNINGS, STROUD, and MEADS, JJ., agree.

BIRD, ROGERS, NEAL, GRIFFEN, CRABTREE, and ROAF, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. I disagree with our decision to deny an additional attorney's fee to the appellee for prevailing in this appeal, and fail to understand why the Second Injury Fund will be deemed, for all practical purposes, immune from liability for attorney's fees when it has caused those expenses to be incurred by the lawyer representing an injured worker in a case that we have decided in favor of the worker. It is fundamental workers' compensation law that when a case has been controverted, in whole or in part, the Workers' Compensation Commission shall direct the payment of legal fees by the employer or carrier in addition to the compensation awarded. *Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996). Arkansas Code Annotated section 11-9-715(a)(2)(A) (Repl. 1996) provides that whenever the Commission finds that a claim against the State Treasurer, as custodian of the Second Injury Fund, has been controverted, in whole or in part, the Commission shall direct that fees for legal services be paid from the Fund, in addition to compensation awarded, and that the fees shall be allowed only on the amount of compensation controverted and awarded from the Fund. Subsection (b) of the statute states:

> (1) In addition to the fees provided in subdivision (a)(1) of this section, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependents of a deceased employee, as provided above and set by the commission or appellate court.

> (2) The maximum fees allowable pursuant to this subsection shall be the sum of two hundred fifty dollars ($250) on appeals to the full Commission from a decision of the administrative law judge, and the sum of five hundred dollars ($500) on appeals to the Arkansas Court of Appeals or Supreme Court from a decision of the commission.

Attorney's fees in workers' compensation cases are provided by statute in Arkansas as a matter of public policy to enable injured workers to obtain the services of an attorney in settlement of controverted claims. *Aluminum Co. of Amer. v. Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982). We have stated that one of the purposes of § 11-9-715 is to place the burden of litigation expense on the party that makes litigation necessary by controverting the claim. *Prier Brass v. Weller*, 23 Ark. App. 193, 745 S.W.2d 647 (1988).

The Second Injury Fund is not responsible for an attorney's fee when it does not controvert a worker's entitlement to compensation. *See Buckner v. Sparks Regional Med. Ctr.*, 32 Ark. App. 5, 794 S.W.2d 623 (1990). But in this case, the Fund has controverted the claim, lost at the Commission level, and taken an unsuccessful appeal to the Court of Appeals. The worker's attorney was required, consistent with the duty to provide zealous representation for his client, to prepare a brief that responded to the Fund's appeal.

The upshot of our decision today is that the Fund will escape liability for the fee that the worker's attorney would otherwise be due, leaving the worker's attorney uncompensated. That result is inconsistent with the public policy in favor of enabling injured workers to obtain legal services. It flies in the face of our own assertion that the purpose of the statute authorizing attorney's fees in workers' compensation cases is to place the expense of litigation on the party that makes it necessary. Our decision rewards the Fund for controverting this claim without merit, and, will likely discourage attorneys who might accept cases by injured workers against the Fund from fulfilling their ethical and moral duty to continue the representation during appeals by the Fund.

I respectfully dissent.

BIRD, ROGERS, NEAL, CRABTREE, and ROAF, JJ., join in this dissent.