### Ronnie FURMAN *v.* SECOND INJURY FUND

98-692                                                      983 S.W.2d 923

Supreme Court of Arkansas
Opinion delivered January 7, 1999

*James R. Filyaw*, for appellant.

*David L. Pake*, for appellee.

D ONALD L. CORBIN, Justice. Appellant Ronnie Furman prevailed in an appeal against the Second Injury Fund for workers' compensation benefits, which had been denied him by the Arkansas Workers' Compensation Commission in *Second Injury Fund v. Furman*, 60 Ark. App. 237, 961 S.W.2d 787 (1998). Furman subsequently petitioned the Arkansas Court of Appeals for attorney's fees for prevailing in his appeal. The court of appeals, in a tie vote (6 to 6), denied Furman's motion for attorney's fees. *Second Injury Fund v. Furman*, 62 Ark. App. 194, 972 S.W.2d 255 (1998). We granted the petition to review the tie-vote decision by the court of appeals. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(e). We affirm.

Furman cites Ark. Code Ann. § 11-9-715(b)(1) (Repl. 1996) as authority to grant his request for attorney's fees:

> In addition to the fees provided in subdivision (a)(1) of this section, if the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependents of a deceased employee, as provided above and set by the commission or appellate court.

On reading this statute, it is clear that this subsection does not mention the Second Injury Fund, nor can it be construed so as to be included definitively within the terms "employer or carrier." We reject Furman's argument to interpret the statute to hold the Fund liable for attorney's fees on appeal in deference to our long-standing rule that attorney's fees cannot be awarded unless specifically provided for by statute. *Arkansas Okla. Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998).

We respectfully invite the General Assembly to consider this matter and enact such legislation as may be appropriate to address the discrepancy in section 11-9-715, which currently provides for attorney's fees from the Fund at the hearing level, but makes no similar provision for such fees on appeal.

Affirmed.

SMITH, J., not participating.