FIRESTONE TUBE COMPANY and Gallagher Bassett Services *v.*
Steve POTTS, Second Injury Fund, and Death &
Permanent Disability Trust Fund

CA 07-406                                                            266 S.W.3d 223

Court of Appeals of Arkansas
Opinion delivered October 31, 2007

*Friday, Eldredge & Clark*, by: *Betty J. Hardy*, for appellants.

*Martin & Kieklak*, by: *Aaron L. Martin*, for appellee Steve Potts.

*Judy W. Rudd*, for appellee Death & Permanent Total Disability Trust Fund.

*David L. Pake*, for appellee Second Injury Fund.

JOHN B. ROBBINS, Judge. Appellant Firestone Tube Company brings this appeal from a decision of the Workers' Compensation Commission that appellant is responsible for an attorney's fee to claimant Steve Potts after an appeal to the Commission by appellee Second Injury Fund. Firestone contends that the Commission's assessment of attorney's fees is not supported by substantial evidence and is contrary to applicable law. We agree, and we reverse.

It was stipulated that Mr. Potts sustained a compensable neck injury while working for Firestone on February 27, 2004. Firestone paid benefits for the claim, including medical expenses, temporary total disability benefits through April 8, 2005, and benefits for a five-percent anatomical impairment. While Firestone maintained that it was not responsible for any further benefits, Mr. Potts claimed that he was entitled to additional temporary total disability benefits through August 8, 2005, as well as permanent and total disability benefits. Because Mr. Potts had sustained two prior cervical injuries resulting in impairment ratings of ten percent and seven percent, Second Injury Fund was joined as a party to the case.

After a hearing, the administrative law judge found that Mr. Potts proved entitlement to additional temporary total disability benefits through May 5, 2005. The ALJ further found that Mr. Potts's prior impairments combined with his compensable injury to produce a seventeen-percent permanent partial disability, for

which Second Injury Fund is liable. Finally, the ALJ directed both Firestone and Second Injury Fund to "hold in reserve for a period of five years a sum equal to the potential subrogation claims regarding the claimant's pension plan payments subject to offset under Ark. Code Ann. § 11-9-411."

Firestone took no appeal from the ALJ's order. However, Second Injury Fund appealed to the Commission, arguing that the ALJ erred in finding that Mr. Potts proved entitlement to permanent wage-loss disability benefits, and further erred in his interpretation of Ark. Code Ann. § 11-9-411. The Commission affirmed the seventeen-percent disability award against Second Injury Fund, but vacated the ALJ's directive that each respondent hold sums in reserve for five years. The Commission awarded an attorney's fee of $500 to the claimant's attorney for prevailing on appeal, but the order was silent as to who was responsible for the fee. Subsequently Second Injury Fund filed a motion for clarification and reconsideration, arguing that the Commission erred in awarding wage-loss disability benefits, and asking the Commission to designate which party or parties is responsible for the attorney's fee. The Commission denied the motion to reconsider, and ordered Second Injury Fund to pay the $500 attorney's fee. Second Injury Fund then filed another motion for clarification and reconsideration, contending that it should not be responsible for the claimant's attorney's fee. In response to that motion, the Commission entered an order requiring Firestone and Mr. Potts to equally pay the attorney's fee. It is from that order that Firestone now appeals.

The statute applicable to this case is Ark. Code Ann. § 11-9-715 (Repl. 2002), which provides in relevant part:

(a)(1)(A) Fees for legal services rendered in respect of a claim shall not be valid unless approved by the Workers' Compensation Commission.

(B) Attorney's fees shall be twenty-five percent (25%) of compensation for indemnity benefits payable to the injured employee or dependents of a deceased employee. Attorney's fees shall not be awarded on medical benefits or services except as provided in subdivision (a)(4) of this section.

(2)(A) Whenever the commission finds that a claim against the Treasurer of State, as custodian of the Second Injury Trust Fund or

as custodian of the Death and Permanent Total Disability Trust Fund, has been controverted, in whole or part, the commission shall direct that fees for legal services be paid from the fund, in addition to compensation awarded, and the fees shall be allowed only on the amount of compensation controverted and awarded from the fund.

(B)(i) In all other cases whenever the commission finds that a claim has been controverted, in whole or in part, the commission shall direct that fees for legal services be paid to the attorney for the claimant as follows: One-half (½) by the employer or carrier in addition to compensation awarded; and one-half (½) by the injured employee or dependents of a deceased employee out of compensation payable to them.

(ii) The fees shall be allowed only on the amount of compensation for indemnity benefits controverted and awarded.

. . . .

(b)(1) If the claimant prevails on appeal, the attorney for the claimant shall be entitled to an additional fee at the full commission and appellate court levels in addition to the fees provided in subdivision (a)(1) of this section, the additional fee to be paid equally by the employer or carrier and by the injured employee or dependent of a deceased employee, as provided above and set by the commission or appellate court.

(2) The maximum fees allowable pursuant to this subsection shall be the sum of five hundred dollars ($500) on appeals to the full commission from a decision of the administrative law judge and the sum of one thousand dollars ($1,000) on appeals to the Court of Appeals or Supreme Court from a decision of the commission.

We agree with Firestone's argument that the above provision does not entitle the claimant's attorney to a fee from his employer under the circumstances of this case. In *Furman v. Second Injury Fund*, 336 Ark. 10, 983 S.W.2d 923 (1999), our supreme court held that § 11-9-715(b)(1) does not authorize attorney's fees to be paid to a claimant by Second Injury Fund where a claimant prevails against the Fund in an appeal. The supreme court wrote:

On reading this statute, it is clear that this subsection does not mention the Second Injury Fund, nor can it be construed so as to be

included definitively within the terms "employer or carrier." We reject Furman's argument to interpret the statute to hold the Fund liable for attorney's fees on appeal in deference to our long-standing rule that attorney's fees cannot be awarded unless specifically provided for by statute. *Arkansas Okla. Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998).

We respectfully invite the General Assembly to consider this matter and enact such legislation as may be appropriate to address the discrepancy in section 11-9-715, which currently provides for attorney's fees from the Fund at the hearing level, but makes no similar provision for such fees on appeal.

*Id.* at 11, 983 S.W.2d at 923-24. Despite the supreme court's invitation, the discrepancy identified in *Furman, supra*, has not as of yet been addressed by our legislature.

However, the Commission in the instant case erroneously found that the *Furman* holding requires attorney's fees to be assessed against Mr. Potts's employer. There was no indication in *Furman* that any fees were or could be assessed against the employer; only that they could not be assessed against the Fund. In the case at bar, as in *Furman*, the appeal was between the claimant and the Second Injury Fund. Firestone did not appeal the ALJ's decision and did not contest the ALJ's award, and was not a party to the appeal before the Commission. While Mr. Potts did prevail in that appeal as contemplated by § 11-9-715(b)(1), in order for the employer to be responsible for an attorney's fee under that subsection, the employer at a minimum must have been a party to the appeal. In its opinion the Commission correctly stated that one of the purposes of the attorney fee statute is to put the economic burden of litigation on the party that makes litigation necessary. *See Harvest Foods v. Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996). However, whatever additional expense may have been caused by the appeal to the Commission, this expense was not made necessary by Firestone, who paid substantial benefits to the claimant and then prevailed before the ALJ on its claim that any permanent disability benefits to which Mr. Potts was entitled was not its responsibility but rather the responsibility of the Second Injury Fund.

Reversed and remanded.

VAUGHT and BAKER, JJ., agree.