PIKE COUNTY POULTRY CO. *v.* Ann E. KELLEY

5-4344                                    420 S. W. 2d 523

Opinion delivered November 13, 1967

*Phillip Carroll,* for appellant.

*G. W. Lookadoo,* for appellee.

PAUL WARD, Justice. This is a Workmen's Compensation case. This appeal by the employer, Pike County Poultry Co., challenges two specific findings of the Referee which, in turn, were upheld by the Commission and the circuit court. Some of the background facts are set out below.

Ann Kelley, appellee, was injured on August 11, 1965 while in the employment of appellant. Appellant, on November 29, 1965 made a payment of $371.80 to appellee to cover the healing period up to that date. Following this date appellee continued to see appellant's doctor (Dr. Durham) until February 7, 1966 when the doctor discharged her, allowing 5% disability to the body as a whole for permanent partial disability. During all this time and for sometime thereafter appellee was also treated by her own doctor (Dr. Haris-

ton). In June, 1966 appellee complained, by letter, to the Commission for not having received further payments. Later appellee contacted her attorney who, on July 1, 1966, filed a claim with the Commission stating, among other things, appellee was not receiving payments for part of the healing period, and requesting a date be set for the purpose of determining all issues. The Commission then fixed July 27, 1966 for a hearing before the Referee.

A hearing was held, with all parties and their attorneys present, at which time testimony was heard and reports by the two doctors were filed. On August 29, 1966 the Referee made, in substance, the following findings:

(a) Appellee's healing period ended February 7, 1966. (Not Nov. 29, 1965 as appellant contended.)

(b) Appellee "suffered a disability of 5% to the body as a whole, and that respondent controverted this finding".

(c) The cost of medical services rendered by Dr. Hariston are not compensable.

(d) Respondent "controverted temporary total disability benefits from November 30, 1965 to February 7, 1966".

(e) An Award was made accordingly, and appellee's attorney was allowed a fee.

As previously stated, the above findings were appealed to, and approved by, the Commission and the circuit court. Appellant appeals only from findings (a) and (e), presented in that order.

*One. Attorney Fee.* It is our conclusion that this item was properly allowed. The pivotal issue in this connection is whether there is substantial evidence to show appellant *controverted* appellee's *claim* in whole

or in part, on which an award was made. The pertinent portion of Ark. Stat. Ann. § 81-1332 (Repl. 1960) reads:

> "Whenever the Commission finds that a claim has been controverted, in whole or in part, the Commission shall direct that fees for legal services be paid by the employer or carrier in addition to compensation awarded . . ."

Applying the well established rule that we affirm the Commission on substantial evidence, and also on the rule (announced in *Fagan Electric Company* v. *Green*, 228 Ark. 477, 308 S. W. 2d 810) that we must weigh the testimony in its strongest light in favor of the Commission's findings, we are unable to say the Commision erred in finding appellant did controvert part of appellee's claim. Appellee was justified in employing an attorney because appellant was not furnishng needed medical treatment and she had received no payment in thirty weeks and her time for action was running out.

*Two. The Healing Period.* Likewise, it is our opinion that the Referee was justified in finding the healing period ended on February 7, 1966 (as contended by appellee) and not on November 29, 1965 (as contended by appellant). Appellee testified in substance, that after November 29, 1965; she went to her doctor for treatment several times because she was suffering with her back; she was not able to work, and is not able to work now. Dr. Hariston, in a letter dated July 14, 1966 (in the Record) stated that appellee "still has trouble with her back and probably will until she is operated". It is not denied that the above testimony (and more of the same purport) was controverted by appellant.

Under the liberal rules previously mentioned, we are unwilling to say there was no substantial evidence to support the findings of the Referee, the Commission and the circuit court.

Affirmed.