Donald F. WALTER *v.* SOUTHWESTERN BELL
TELEPHONE COMPANY

CA 85-353                                    702 S.W.2d 822

Court of Appeals of Arkansas
Division II
Opinion delivered February 5, 1986
[Rehearing denied March 5, 1986.]

*Anthony W. Bartels*, for appellant.

*Phillip Cuffman*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a decision
of the Workers' Compensation Commission, which held that the
appellee controverted liability for disability payments in excess of

twenty-five percent to the body as a whole and awarded the appellant attorney fees of $1,000.00. The appellant's sole contention is that the Commission's award is insufficient. On cross-appeal, the appellee contends that the Commission erred in finding the claim controverted and that, if it were controverted, the amount awarded by the Commission as attorney fees is correct. We find merit in the appellee's first point on cross-appeal, and we therefore need not reach the other points raised on appeal. The record shows that the appellant was injured on April 25, 1977, and the appellee paid various periods of temporary total and permanent partial disability, based on an anatomical rating of twenty-five percent to the body as a whole. The last payment of permanent partial disability was made on April 26, 1984, when the appellee sent the appellant his final check, stating in the attached letter that it was the final installment due the appellant for his permanent partial disability of twenty-five percent loss to the body as a whole (a period of 112.5 weeks), and asked the appellant to call if there were any questions.

On June 4, 1984, the appellee sent the appellant an A-11 form to sign as a receipt for the payments received. The appellant responded through his attorney on June 7th, asking for copies of all his medical records in the appellee's possession which related to his workers' compensation claim. The appellee replied on June 19th that it was its policy not to supply copies of an employee's medical records, stated that it had paid the appellant everything that the law required, and asked if there was a problem with the claim. The appellee's attorney, Patricia Nobles, closed the letter by stating she would be happy to discuss any problems with the appellant.

The next communication between the parties occurred on August 8, 1984, when the appellant submitted interrorgatories to the appellee. In a letter dated August 13th, Ms. Nobles acknowledged receipt of the interrogatories and professed confusion as to why they were sent. She pointed out to the appellant's attorney that the appellee had not received any notification of any claim that the appellant may have had pending before the Commission, and stated that the appellee's records showed that the appellant had a twenty-five percent disability to the body as a whole, for which they paid the 112.5 weeks of benefits required (the last payment being made on April 26, 1984). She again asked if there

was a disagreement with the manner in which the appellee had handled the claim and stated that, if so, she would be happy to discuss it. She further stated that, without some sort of informal appraisal of the nature or basis of the appellant's claim, the appellee was unwilling and unable to comply with the interrogatories.

The record further reflects that the appellee first found out the nature of the appellant's claim on August 20th, *after* a hearing date had been set, by way of the administrative law judge's response to its inquiry. The law judge informed the appellee that the claim was apparently for additional temporary total and permanent partial disability benefits. After receipt of the law judge's letter, the appellee called the appellant's attorney on August 30th to attempt to resolve the problem. In a letter dated August 30th, confirming this conversation, Ms. Nobles stated that the appellant was requesting permanent total (*not* temporary total and permanent partial) disability benefits and that the appellee did not contest that claim up to its statutory limit of liability. She stated that the appellee was not controverting, and had not controverted, the appellant's claim and informed the appellant's attorney that, if he had informed the appellee of the nature of the claim when that information had been requested on previous occasions, the claim could have been resolved many months ago.

A hearing was held on September 5th, at which time the appellee informed the law judge that it had only received the appellant's medical records the day before the hearing and that the appellant had only informed it of the nature of his claim six days before the hearing. The law judge gave the appellee ten days in which to determine its position in regard to the appellant's claim, in light of the appellant's failure to give the appellee reasonable notice of his claim and medical records prior to the hearing. Within those ten days, the appellee agreed to pay total permanent disability benefits. Another hearing was held on November 7th, to determine whether the appellee's actions in regard to this claim constituted controversion, which would require the appellee to pay attorney fees to the appellant. The law judge found that such controversion existed and awarded the appellant the maximum attorney fees allowed by statute.

The Commission agreed that the appellee had controverted the award, but modified the amount of the attorney fee allowed to $1,000.00. It based its finding of controversion on the appellee's refusal to provide medical reports and to answer interrogatories, and on the testimony of Ms. Pat Knowles, an employee of the appellee, that the appellee made no attempt to determine the full extent of the claimant's permanent disability. The Commission found, in short, that the appellee "offered no cooperation to claimant or his attorney after permanent partial disability benefits were terminated." The Commission pointed out that "[w]hen a respondent places a claimant into the position of having to employ the services of an attorney to prove disability benefits, once a claim has been accepted as compensable, and then, further, refuses to assist in the determination of the extent of disability, the claim is controverted."

We have no problem with the definition of a controverted claim set forth by the Commission in its opinion. However, we find that there is no substantial evidence to support its conclusion that the appellee refused to assist in determining the extent of liability, thereby controverting the claim. Therefore, we reverse.

The determination of whether a claim is controverted is a fact question to be resolved from the circumstances of the particular case. *Climer* v. *Drake's Backhoe*, 7 Ark. App. 148, 644 S.W.2d 637 (1983). The mere failure of the employer to pay benefits does not, in and of itself, amount to controversion, especially when the carrier accepts the injury as compensable and is attempting to determine the extent of the disability. *Revere Copper & Brass, Inc.* v. *Talley*, 7 Ark. App. 234, 647 S.W.2d 477 (1983). Here, the appellee told the appellant and his attorney that it would be glad to discuss any problems with the way the appellant's claim had been handled and asked them more than once what, if any, additional claim was being made. The uncontradicted evidence shows that the appellant made no reply to these requests until August 30th, less than a week before the scheduled hearing. Furthermore, it is undisputed that the appellee continued paying medical bills during this time and only discontinued the permanent partial disability benefits after the statutory time period had run. Before the appellee can be found to have aided or not aided the appellant in determining the extent of liability, the appellee needs to be informed of what, if any,

additional disability is being claimed. The appellant's failure to cooperate with, and provide information about his claim to, the appellee is what caused the need for the hearing and the delay in benefits, not the appellee's failure to provide medical records and answer interrogatories for a claim which, to its knowledge, did not exist. *Cf., Turner* v. *Trade Winds Inn*, 267 Ark. 861, 592 S.W.2d 451 (Ark. App. 1979).

There being no substantial evidence that the appellee had controverted the appellant's claim, we reverse the Commission's decision.

Reversed.

CRACRAFT, C.J., and CLONINGER, J., agree.