Charlotte BUCKNER *v.* SPARKS REGIONAL MEDICAL CENTER and Second Injury Fund

CA 89-459                                          794 S.W.2d 623

Court of Appeals of Arkansas
Division I
Opinion delivered September 5, 1990

*Hewett, Shock and VanWinkle,* by: *Mark Hewett,* for appellant.

*Jones, Gilbreath, Jackson & Moll,* by: *Robert L. Jones III* and *Charles R. Garner, Jr.,* for appellee Sparks Regional Medical Center.

*E. Diane Graham,* for appellee Second Injury Fund.

MELVIN MAYFIELD, Judge. Appellant, Charlotte Buckner, has appealed a decision of the Workers' Compensation Commission holding that the appellee, Sparks Regional Medical Center, is only liable for the attorney's fee on benefits equal to claimant's anatomical rating and that the appellee, Second Injury Fund, did not controvert appellant's entitlement to compensation and is not

responsible for an attorney's fee in any amount.

Appellant was injured on September 13, 1983, while working for Sparks Regional Medical Center. As a result of that injury she underwent surgery and was assessed a permanent partial impairment rating of 20%, of which 10% preexisted. She was awarded temporary total disability benefits for the period from November 8, 1983, through May 1, 1984, at which time she returned to Sparks and worked through September 23, 1984, when she was terminated due to economic conditions. On November 22, 1984, appellant began working at Booneville City Hospital where she worked until she became totally disabled on August 6, 1985. On September 13, 1985, appellant filed a workers' compensation claim against Sparks and Sparks controverted compensability contending the statute of limitations had run and that appellant had sustained a new injury while working for Booneville City Hospital. On October 1, 1985, the Second Injury Fund was made a party.

The administrative law judge held that the claim was compensable, that it was not barred by the statute of limitations, and that appellant had not sustained any new injury while employed by Booneville City Hospital. The full Commission affirmed and adopted the opinion of the law judge. Sparks appealed that decision to the Arkansas Court of Appeals which affirmed the Commission's decision on March 2, 1988. On March 8, 1988, the appellant wrote the Commission claiming the case was ripe for a determination of permanent total disability. On March 15, 1988, the Second Injury Fund accepted liability for permanent total disability benefits and initiated payments to the appellant.

Appellant then filed a petition for an attorney's fee contending that Sparks had paid all attorney's fees applicable to temporary total disability benefits, medical expenses, and fees awarded on appeal to the full Commission and that on March 17, 1988, Sparks accepted liability for the 10% anatomical disability rating and made the appropriate payment to the appellant but that Sparks refused to pay the applicable attorney's fee on any part of the permanent partial disability benefits except the 10% anatomical disability. Furthermore, the petition contended, the Second Injury Fund had also refused to pay any attorney's fee

applicable to the permanent total disability benefits.

The administrative law judge held that under the rule announced by the Arkansas Court of Appeals in *Prier Brass* v. *Weller*, 23 Ark. App. 193, 745 S.W.2d 647 (1988), the employer, Sparks, was not liable for an attorney's fee on any permanent disability benefits in excess of that attributable to the anatomical impairment resulting from the injury sustained by claimant while in the employ of Sparks. The law judge also held that the Second Injury Fund had "tacitly" concurred in Sparks' controversion of the claim and was, therefore, liable for an attorney's fee. However, he held that because the Fund had conceded liability for permanent total disability in excess of the anatomical impairment of 10% once compensability was determined, and thus reduced the length and complexity of the services required from the claimant's attorney, an appropriate attorney's fee for the Fund would be "one-half of the maximum statutory attorney's fee on all permanent disability benefits payable by the Fund which had accrued prior to the Second Injury Fund's acceptance of liability for such benefits." Both the claimant and the Fund appealed the decision to the full Commission which reversed the law judge's finding that the Second Injury Fund had controverted the compensability of the claim and, therefore, held that the Fund was not liable for any attorney's fee. The claimant appealed that decision to this court.

Appellant first argues that the full Commission erred in finding that the Second Injury Fund had not controverted appellant's entitlement to permanent total disability benefits. She contends that by choosing to wait until the determination of compensability was decided (a period of 2½ years) before accepting liability, by filing interrogatories, and by participating in the taking of the claimant's deposition, the Fund actually controverted the claim. We cannot agree.

The question of whether or not a claim is controverted is one of fact to be determined from the circumstances of each particular case. *Walter* v. *Southwestern Bell Telephone Co.*, 17 Ark. App. 43, 702 S.W.2d 822 (1986); *Climer* v. *Drake's Backhoe*, 7 Ark. App. 148, 644 S.W.2d 637 (1983). When reviewing a decision of the Worker's Compensation Commission, we must view the evidence and all reasonable inferences deducti-

ble therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979); *Tyson Foods, Inc.* v. *Disheroon,* 26 Ark. App. 145, 761 S.W.2d 617 (1988).

The Second Injury Fund does not become liable for benefits until it has been established that (1) the claimant has sustained a compensable injury which has resulted in a permanent disability, (2) the claimant has a preexisting disability or impairment, and (3) a combination of the two has resulted in a greater disability than would have been caused by the last injury considered alone. *Mid-State Construction Company* v. *Second Injury Fund,* 295 Ark. 1, 746 S.W.2d 539 (1988); Ark. Code Ann. § 11-9-525 (1987). Filing interrogatories and participating in the taking of depositions are methods of gathering information for the investigation the Fund must make in any case in which it has been made a party. Otherwise, it has no knowledge about the matter. This investigation does not mean that the claim is controverted by the Fund. Indeed, once the issues in the present case were narrowed to the compensability of the claim and the continuation of temporary total disability, the Second Injury Fund was excused from participating in the case until those issues were decided. It was not until the Court of Appeals issued its decision on March 2, 1988, establishing that there was a compensable injury, that the Fund had any liability. Immediately thereafter, on March 15, 1988, the Fund accepted its liability. In *Aluminum Company of America* v. *Henning,* 260 Ark. 699, 543 S.W.2d 480 (1976), the court stated that the purpose of determining whether or not a claim has been controverted, and by whom, "is to place the burden of litigation expense upon the party which made it necessary." 260 Ark. at 706-07, 543 S.W.2d at 485. In the instant case it was not the Second Injury Fund which made the litigation necessary; it was the employer, Sparks Regional Medical Center. The Fund never denied liability and when the issue of permanent disability became ripe, the Fund acknowledged its liability. The Commission's finding that the Fund is not liable for an attorney's fee is clearly supported by the law and the evidence.

Appellant also argues that she should be allowed an attorney's fee on all permanent disability benefits payable to her

and contends it should be paid by either Sparks or the Second Injury Fund. She contends that if the Fund is not liable, the case of *Prier Brass* v. *Weller,* 23 Ark. App. 193, 745 S.W.2d 647 (1988), holding that the liability of the employer in second injury cases "is limited to that which results from injuries sustained while in the employment," should be reconsidered and modified. She suggests that the limitation on attorney's fees imposed by that case could impair an injured worker's ability to obtain proper legal representation. Sparks points out that it did not have this effect in the present case, and there is no reason to speculate it could in some other case, especially since the Second Injury Fund has a potential liability for an attorney's fee. We think the *Prier Brass* decision is sound and should not be modified.

Affirmed.

COOPER and JENNINGS, JJ., agree.