Linda JOHNSON *v.* RAPID DIE & MOLDING

CA 93-837                                        878 S.W.2d 790

Court of Appeals of Arkansas
En Banc
Opinion delivered July 6, 1994

*Denver L. Thornton*, for appellant.

*Bridges, Young, Matthews & Drake*, by: *Ruth A. Wisener*, for appellee.

JOHN E. JENNINGS, Chief Judge. Linda Johnson suffered an admittedly compensable injury in the form of a back strain and bruised knee when she slipped and fell at work on February 6, 1990. She was released by Dr. Randolph Taylor to return to light work on May 15, 1990, with the restriction that she not lift more than twenty-five pounds. She was laid off work on June 21, 1990, and one month later received a termination notice.

Mrs. Johnson continued to have difficulties and on May 9, 1991, Dr. Stephen Cathey diagnosed her as having "low back strain superimposed on preexisting degenerative disc disease without neurological deficit" and "morbid obesity." In August 1991, Dr. Taylor said:

> I am going to send her a letter so that she can take it by and get on a weight loss program. I think she is having relative instability in her back due to a combination of her obesity and degenerative disc disease and that she would greatly benefit from losing weight and then reconditioning.

The respondents paid temporary total disability through the time Mrs. Johnson returned to work. At a hearing before an administrative law judge on October 15, 1992, the claimant contended that she was entitled to a weight loss program to be paid for by the respondents and that she was entitled to a continuation of temporary total disability. On appeal, the full Commission approved a weight loss program but held that she was not entitled to additional temporary total disability benefits. The sole argument on appeal is "[a]ppellant had not reached her healing period and was entitled to additional temporary total disability as found by the administrative law judge." We hold that the Commission's decision is supported by substantial evidence and affirm.

In the course of its opinion the Commission found that the claimant's healing period had ended. The sole argument on appeal is simple and straightforward. As the appellant states: "The weight loss program is a 'way of treatment' that 'will improve that condition.' Until that happens, the healing period has not ended." The argument is that the claimant still remains within her healing period, not that the Commission was bound to find that the healing period ended at some other time subsequent to her return to work.

██ If the underlying condition causing the disability has become more stable and if nothing further in the way of treatment will improve that condition, the healing period has ended. *Arkansas Highway & Transp. Dept.* v. *McWilliams*, 41 Ark. App. 1, 846 S.W.2d 670 (1993). The healing period has not ended so long as treatment is administered for the healing and alleviation of the condition. *J. A. Riggs Tractor Co.* v. *Etzkorn*, 30 Ark. App. 200, 785 S.W.2d 51 (1990). The determination of when the healing period has ended is a factual determination and is to be made by the Commission. *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982). When the sufficiency of the evidence to support the Commission's findings of fact is challenged, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Thurman* v. *Clark Industries, Inc.*, 45 Ark. App. 87, 872 S.W.2d 418 (1994). We must uphold those findings unless there is no substantial evidence to support them. *Thurman, supra.*

In May 1991, Dr. Cathey stated, "Since the injury occurred

well over a year ago, I believe the patient has reached maximum medical benefit and could be released to return to work whenever she feels she could handle herself there." In September 1991, both Dr. Taylor and Dr. Carl Goodman expressed the opinion that the claimant had reached "maximum medical improvement." In the case at bar we hold that the Commission's finding, that the claimant is not still within her healing period, is supported by the evidence.

There is another reason that the decision of the Commission must be affirmed. In *Arkansas State Highway Dept.* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981), the supreme court made it clear that the mere fact that the claimant remains within the healing period does not mean that he or she is entitled to temporary total disability. "Temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages." *Breshears*, 272 Ark. at 246. Temporary total disability is not based on the claimant's healing period, but is instead awarded where the claimant is incapacitated because of injury to earn the wages she was receiving at the time of the injury.

In the case at bar the Commission expressly found that Mrs. Johnson was not entitled to additional temporary total disability after May 15, 1990. The Commission based this finding on the fact that the claimant had returned to work, her testimony that she would probably still be working for the appellee had she not been laid off, the fact that she subsequently worked part-time for a photographer, and her testimony that she helped her husband at his service station and was physically capable of doing so.

We cannot say that fair-minded persons could not reach the conclusion that Mrs. Johnson did not suffer "a total incapacity to earn wages" beyond May 15, 1990. *See Breshears, supra.*

For the reasons stated the decision of the Commission is affirmed.

Affirmed.

MAYFIELD, COOPER and ROBBINS, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the result reached by the majority opinion in this case because I

do not think there is substantial evidence to support the Commission's decision. The majority holds that three of appellant's doctors said appellant had "reached her maximum medical improvement." The problem is that these doctors were talking about a point in time *after* May 14, 1990. They did not say her healing period ended on May 14, 1990, and that is the last day for which the Commission allowed temporary disability.

Dr. Steven Cathey concluded in a report dated May 9, *1991*, that "since the injury occurred well over a year ago, I believe the patient has reached maximal medical benefit and *could be released to return to work. . . .*" (Emphasis added.) Dr. Carl Goodman said in a report dated September 16, *1991*, that "I feel like this lady had probably reached maximum medical improvement." Also, Dr. Randolph Taylor said in a note dated September 26, *1991*, "I am in agreement with Dr. Goodman that she's reached her maximal medical improvement."

Thus, the evidence relied upon does not support the Commission's finding that appellant's healing period ended on May 14, *1990*. In fact, the Commission really does not rely upon the doctors for its holding. The Commission says that appellant's healing period ended because:

> Claimant testified that she would still be working for the respondent had she not been laid off. Thus, by the claimant's own admission, she was physically capable of performing that work.

First, appellant's testimony was that if she had not been laid off, "I would *probably* still be working there." (Emphasis supplied.) Secondly, being "physically capable" of performing work is not the same as having reached the end of the healing period. As we said in *J.A. Riggs Tractor Co.* v. *Etzkorn*, 30 Ark. App. 200, 785 S.W.2d 51 (1990):

> The healing period is defined as that period for healing of the injury resulting from the accident which continues until the employee is as far restored as the permanent character of the injury will permit. If the underlying condition causing the disability has become more stable *and if nothing further in the way of treatment will improve the condition*, the healing period has ended. *Mad Butcher, Inc.* v. *Parker*,

4 Ark. App. 126, 628 S.W.2d 582 (1982). *Conversely, the healing period has not ended so long as treatment is administered for the healing and alleviation of the condition.*

30 Ark. App. at 203, 785 S.W.2d at 53 (emphasis added).

Thus, "the healing period has not ended so long as treatment is administered for the healing and alleviation of the condition." That, obviously, is the purpose of and the reason for the weight-loss program allowed by the law judge and the Commission in this case. The Commission's opinion states:

> The remaining issue on appeal involves the claimant's entitlement to a weight reduction program. Such a program has been recommended by the claimant's physicians, therefore, *we find under the facts in this case that it is reasonable and necessary in relation to the claimant's compensable injury.*

(Emphasis added.)

It therefore follows as night follows day that under the law and the facts found by the Commission, the appellant's healing period has not ended because the treatment that is reasonable and necessary in relation to her injury has not been administered. The law judge allowed temporary total disability benefits through appellant's healing period and the Commission cut off those benefits after May 14, 1990. I think there may be evidence to support the disallowance of total disability at the end of one year *after* May 14, 1990. The doctors agree on that point. But I do not think the evidence supports the disallowance of temporary total disability before that point.

Appellant was terminated approximately one month after she returned to work on May 14, 1990. She did find another job doing telephone solicitation work for Olan Mills for approximately one month, but she has not been able to find any other work that she was able to do. The Commission placed great emphasis upon the fact that appellant helped her husband at times at his service station, but appellant testified that this was a self-service station and she mainly ran the cash register. It is obvious that appellant has not been confined to bed every day since her injury, but Larson says that "the disability period is not automatically

terminated merely because claimant obtains some employment, if maximum recovery had not been achieved at the time." 1C Larson, *The Law of Workmen's Compensation* § 57.12(d) at 10-47 (1993).

Also, the fact that appellant *thought* she could have performed the duties of some jobs that she did not get does not mean that her healing period ended on May 14, 1990. Until the doctors said approximately one year later that appellant had reached maximum medical benefit, there is no substantial evidence to support the Commission's decision to stop the temporary total disability benefits.

Logically, this would mean that the weight-loss program is no longer needed for treatment of appellant's injury, but I suppose that since no one questions that point the appellant is still entitled to the program. Unless the Commission's opinion is modified to cut off the temporary total disability only on May 14, 1991, I do not think it would be supported by substantial evidence. I would reverse and remand.

COOPER and ROBBINS, JJ., join this dissent.