SUPERIOR INDUSTRIES *v.* William THOMASTON

CA 00–24                                                   32 S.W.3d 52

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered November 29, 2000

*Bassett Law Firm*, by: *Curtis Nebben* and *Nicole Weeks Fowler*, for appellant.

*Mason Law firm, PLC,* by: *G. Chadd Mason,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellee William Thomaston was employed with appellant Superior Industries from October 1995 until he was terminated on August 25, 1998. He suffered a compensable injury to his shoulder on July 12, 1996, and was compensated by appellant based on a five percent permanent impairment rating. Mr. Thomaston filed for temporary total disability benefits from August 25, 1998, through the date of his shoulder surgery on January 14, 1999, and these benefits were controverted by appellant. Appellant claimed that it had made light-duty employment available to the appellee, but that he was terminated for misconduct and not because of his physical limitations. After a hearing, the Commission awarded the temporary total disability benefits, and Superior Industries now appeals.

For reversal, appellant raises three arguments. First, it argues that the Commission applied an improper legal standard in awarding temporary total disability benefits. Next, it contends that the temporary total disability award was not supported by substantial evidence. Finally, appellant asserts that the Commission also erred in finding that it controverted the appellee's entitlement to the shoulder surgery performed by Dr. Park in January 1999. We find no error and affirm.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners v. Clark,* 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks,* 40 Ark. App. 120, 842 S.W.2d 463 (1992). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc. v. Lambert,* 10 Ark. App. 28, 661 S.W.2d 403 (1983).

Mr. Thomaston testified that he is 44 years old and has worked since 1973 as an auto mechanic or in manufacturing. His job with Superior Industries included moving molten metal from a furnace into casting machines. On July 12, 1996, he was performing his job

when he hurt his shoulder. He was diagnosed with a strain and Dr. Moffitt, the company physician, released him to restricted duty. Mr. Thomaston worked a light job using only one arm until November 1996, and then he returned to regular duty.

Mr. Thomaston's symptoms worsened, so he returned to Dr. Moffitt in August 1997. As a result of extreme pain and weakness he was again assigned to light duty. During this time he was taking injections and undergoing physical therapy. Sometime later, he was assigned to an even lighter janitorial job, which included mopping, sweeping, and emptying trash cans.

In April 1998, Mr. Thomaston changed physicians to Dr. Park. A rotator cuff tear was detected, and after conservative treatment failed, surgery was recommended.

Mr. Thomaston acknowledged that, prior to being fired on August 25, 1998, he had been written up by his supervisor five or six times. However, he maintained that due to his deteriorating condition he was physically unable to keep up with his job demands. He stated that with each reprimand his employer would increase his duties and that at times they exceeded his restrictions. Mr. Thomaston testified that the only reason he was terminated was because he could not keep up with his work. After being terminated, he applied for unemployment benefits but was disqualified due to his medical restrictions.

Lance Gaston, appellee's supervisor, testified that the appellee complained about his duties, and that as a result they were changed to accommodate him. Despite these changes, Mr. Thomaston fell behind in his work, and after two suspensions was terminated. At the time of his termination, "he was already on thin ice due to his job performance." Mr. Gaston testified that "the event that made termination inevitable was an incident where [he] called female co-workers 'bitches'."

Appellant's first argument on appeal is that the Commission applied the wrong standard in awarding the temporary total disability benefits. At the hearing, appellant argued that since they provided Mr. Thomaston employment within his restrictions, and because his termination was his own fault due to misconduct, he should not be entitled to any disability benefits. However, the Commission disagreed, stating "the basis for claimant's employment

separation is irrelevant in determining claimant's entitlement to temporary total disability benefits." The appellant submits that this statement is incorrect, and that the Commission should have made a factual determination as to whether Mr. Thomaston was fired for misconduct or fired because he was physically unable to work. If his termination was for misconduct, appellant asserts, his temporary total disability benefits should be reversed.

Arkansas Code Annotated section 11-9-526 (Repl. 1996) provides:

> If any injured employee refuses employment suitable to his capacity offered to or procured for him, he shall not be entitled to any compensation during the continuance of the refusal, unless in the opinion of the Workers' Compensation Commission, the refusal is justifiable.

The appellant argues that we should use the above statute as a basis to deny appellee disability benefits by analogy. Its argument is that, if the employer provides suitable employment and a claimant is disqualified for refusing it, he should also be disqualified for getting fired for his own misconduct.

■ Appellant's first argument is reasonable and persuasive; however, it does not comport with the stricture of our current law. Arkansas Code Annotated section 11-9-704(b)(3) (Repl. 1996) provides that "any reviewing courts shall construe the provisions of this chapter strictly." Consequently, construing section 11-9-526 strictly, as we must, the controlling fact in this case is that Mr. Thomaston did not refuse employment; he accepted the employment and was later terminated not by his choice, but at the option of this employer. Since no provision enacted by the legislature supports the appellant's position in this case, we are constrained to affirm.

■ When our General Assembly enacted Act 796 of 1993, it issued the following "Legislative Declaration," codified at Ark. Code Ann. § 11-9-1001 (Repl. 1996):

> The Seventy-Ninth General Assembly realizes that the Arkansas workers' compensation statutes must be revised and amended from time to time. *Unfortunately, many of the changes made by this act were necessary because administrative law judges, the Workers' Compensation Commission, and the Arkansas courts have continually*

*broadened the scope and eroded the purpose of the workers' compensation statutes of this state.* The Seventy-Ninth General Assembly intends to restate that the major and controlling purpose of workers' compensation is to pay timely temporary and permanent disability benefits to all legitimately injured workers that suffer an injury or disease arising out of and in the course of their employment, to pay reasonable and necessary medical expenses resulting therefrom, and then to return the worker to the work force. *When, and if, the workers' compensation statutes of this state need to be changed, the General Assembly acknowledges its responsibility to do so.* It is the specific intent of the Seventy-Ninth General Assembly to repeal, annul, and hold for naught all prior opinions or decisions of any administrative law judge, the Workers' Compensation Commission, or courts of this state contrary to or in conflict with any provision in this act. *In the future, if such things as the statute of limitations, the standard of review by the Workers' Compensation Commission or courts, the extent to which any physical condition, injury, or disease should be excluded from or added to coverage by the law, or the scope of the workers' compensation statutes need to be liberalized, broadened, or narrowed, those things shall be addressed by the General Assembly and should not be done by administrative law judges, the Workers' Compensation Commission, or the courts.*

(Emphasis added.) If our workers' compensation laws are to be changed or broadened, this should be left to the legislature.

■■ The appellant's second argument is that the temporary total disability award is not supported by substantial evidence. We disagree. Temporary total disability is awarded when the claimant shows he is within his healing period and is totally incapacitated from earning wages. *Arkansas State Highway & Transp. Dep't v. Breshears,* 272 Ark. 244, 613 S.W.2d 392 (1981). In this case, Mr. Thomaston was clearly within his healing period when he was terminated, and there was evidence that he was totally incapacitated. He testified that he could not keep up with his light duties and was fired for that reason. Moreover, Dr. Park opined that appellee could work only one-arm duty and later stated that appellee's work activities were the major cause for his need for treatment and that "Mr. Thomaston has not been able to work as a result of his injury." And, although not binding on the Commission, it is significant that Mr. Thomaston was denied unemployment benefits due to a personal disabling injury. There was substantial evidence to support the Commission's disability award.

■ Appellant's remaining argument is that the Commission erred in ruling that the shoulder surgery was controverted. We affirm the Commission's ruling on this issue also. Dr. Park recommended surgery in June 1998. However, appellant would not authorize the surgery and called for an independent examination. The independent examiner agreed that surgery was appropriate, but did not render his opinion until six months after surgery was first recommended, causing a substantial delay. In the interim, the claimant apparently requested a hearing on the issue, resulting in a pre-hearing conference and issuance of a pre-hearing order. The question of whether or not a claim is controverted is one of fact, to be determined from the circumstances of each particular case. *Buckner v. Spark's Regional Medical Center*, 32 Ark. App. 5, 794 S.W.2d 623 (1990). Under the circumstances of this case, the Commission's finding that the surgery was controverted was not erroneous.

Affirmed.

PITTMAN, STROUD, and NEAL, JJ., agree.

CRABTREE and MEADS, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. I dissent because I find that the Commission applied the wrong standard in awarding the temporary total disability benefits. As correctly pointed out by the majority, the Commission stated that "the basis for claimant's employment separation is irrelevant in determining claimant's entitlement to temporary total disability benefits." I find this statement to be contrary to the law of this state.

I believe that if Mr. Thomaston was terminated by appellee for cause then he is not entitled to benefits. The majority states that strictly construing Ark. Code Ann. § 11-9-526, "the controlling fact in this case is that Mr. Thomaston did not refuse employment; he accepted the employment and was later terminated not by his choice, but at the option of this employer." Section 11-9-526 provides that a claimant who unjustifiably refuses suitable work will not be entitled to benefits. *See ITT/Higbie Mfg. v. Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1993). I see no significant difference between a person unjustifiably refusing suitable employment, and a person accepting suitable employment but then not performing the duties of the job. In effect, the person has refused employment by refusing to satisfactorily perform the job. I believe that a claimant

has unjustifiably refused employment when he or she is offered suitable employment, accepts such employment, and then is subsequently terminated from employment not due to any disability but due to cause.

Under *Arkansas State Highway Dep't v. Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981), our supreme court stated that "[t]emporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages." "Temporary total disability is not based on the claimant's healing period, but is instead awarded where the claimant is incapacitated because of injury to earn wages she was receiving at the time of the injury." *Johnson v. Rapid Die & Molding*, 46 Ark. App. 244, 878 S.W.2d 790 (1994). If appellee was terminated for cause he was not totally incapacitated due to his injury, as he earned wages until he was terminated for cause. I cannot find that an employer is liable for temporary total disability benefits if the claimant was terminated not based on a compensable injury but for cause. Under Ark. Code Ann. § 11-9-1001 (Repl. 1996), the purpose of the workers' compensation laws is to pay benefits to all legitimately injured employees, and to return the workers to the work force. The purpose is not to give claimants more rights than other employees, which is just what the majority has done. The majority's opinion allows an injured employee who is provided with suitable light-duty employment to do anything he or she desires, not perform the duties of the job, and if the employer terminates the employee for cause the employer may have to pay temporary total disability benefits. Whereas, if a non-injured employee does the same thing as the injured employee they can be terminated for cause without a second-thought. The majority's opinion in effect requires the employer to retain the injured employee when it would terminate the employee for cause if they were not injured, or be faced with the possibility of paying temporary total disability benefits if they do terminate the injured employee. I cannot agree with this.

In the present case, if it was found that appellee was wrongfully terminated then he would satisfy the requirements under § 11-9-526 and *Breshears,* and as such is entitled to benefits. Unfortunately, the Commission did not decide this issue.

For the foregoing reasons, I would reverse and remand this case to the Commission for a finding on the issue of why appellee was terminated.

MEADS, J., agrees.