Kenneth D. SHEPARD *v.* ALUMINUM
COMPANY of AMERICA

CA 01-646                                              64 S.W.3d 786

Court of Appeals of Arkansas
Division I
Opinion delivered January 9, 2002

*Kaplan, Brewer, Maxey & Haralson, P.A.*, by: *Silas H. Brewer, Jr.*, for appellant.

*Rose Law Firm*, by: *Phillip Carroll*, for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Kenneth Shepard, seeks reversal of the Workers' Compensation Commission's decision, which held that the statute of limitations barred his claim for a job-related hearing impairment. Appellant also argues that the Commission erroneously determined that he had failed to preserve for appeal his argument that appellee is estopped from asserting the statute of limitations as a defense. We agree with appellant's second argument and remand for further factual development of this issue.

Appellant was employed by Aluminum Company of America (ALCOA) from June 1953 until his retirement in September 1990. During his thirty-seven years of employment with appellee, appellant was administered several audiograms that measured his hearing capability. In 1990, two audiograms were performed. On February 27, 1990, appellant signed a report indicating his performance on the audiograms, which stated directly above his signature that he was "hearing impaired." Further, appellant signed a similar report on May 31, 1990, which also advised him of his hearing impairment. On March 2, 1993, appellant filed a claim for workers' compensation benefits.

Initially, the Commission awarded benefits to appellant for his hearing loss on March 11, 1998. However, this court reversed and remanded the case to the Commission for additional finding of facts and further review as was necessitated by our supreme court's

decision in *Minnesota Mining & Mfg. v. Baker,* 337 Ark. 94, 989 S.W.2d 151 (1999). On remand, the Commission held on February 7, 2001, that appellant's claim for benefits was barred by the two-year statute of limitations. Further, the Commission concluded that appellant did not raise an estoppel theory at the hearing before the administrative law judge, and therefore, it was not preserved for appeal. From that order comes this appeal.

■ On appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission and will affirm the Commission's decision if it is supported by substantial evidence. *See* Ark. Code Ann. § 11-9-711(b)(4)(D) (Repl. 1996); *Spencer v. Stone Container Corp.,* 72 Ark. App. 450, 38 S.W.3d 909 (2001); *Superior Industries v. Thomaston,* 72 Ark. App. 7, 32 S.W.3d 52 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to sustain a conclusion. *Woodall v. Hunnicutt Const.,* 340 Ark. 377, 381, 12 S.W.3d 630, 633 (2000) (citing *Minnesota Mining & Mfg. v. Baker,* 337 Ark. 94, 989 S.W.3d 151 (1999)). On review of workers' compensation cases, "the question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact." *Id.*

■ Appellant asserts that the Commission erroneously held that he had not preserved his estoppel argument for consideration. Although the Commission noted that the appellant made an argument based on estoppel in his brief to the Commission on remand, the majority held that "our review of the ALJ's decision and the hearing transcript in this case indicates that the claimant did not raise any estoppel theory at the hearing before the ALJ." This ruling was in error because the appellant did file a written brief before the ALJ on April 24, 1996, which included an eight-page discussion on the issue of estoppel. Some twenty-two months later, the full Commission handed down its opinion dated March 11, 1998.

■ The Commission reviews the decision of the ALJ *de novo.* *See* Ark. Code Ann. § 11-9-704(c)(2) (Repl. 1996); Ark. Code Ann. § 11-9-705(a)(3) (Supp. 2001). Here, the estoppel theory was raised before the ALJ at the first and only hearing in the case. After the hearing, the ALJ concluded that appellant's claim was not barred by the statute of limitations. Thus, there was no need for the ALJ or appellant to address the issue of estoppel on the first appeal to the Commission.

■ The Commission failed not only to recognize that appellant did in fact raise the estoppel issue at the initial hearing, but also failed to recognize that the ALJ did not need to address the estoppel theory in his decision because of the initial ruling on the statute of limitations. On remand, appellant's brief appropriately addressed and the Commission ruled on the issue of estoppel; therefore, the issue was properly before this court. We conclude that the Commission should have conducted a *de novo* review and addressed the estoppel theory presented to the ALJ and the Commission. Therefore, we remand for further findings on this issue. Our holding on this issue precludes any consideration of the remaining issues, and we do not address the question pertaining to the statute of limitations.

Remanded for further findings.

STROUD, C.J., and NEAL, J., agree.